# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CATHY C. BRYANT,
           Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
           Agency.

DOCKET NUMBER
AT-0845-16-0037-I-1

DATE: January 3, 2017

# THIS ORDER IS NONPRECEDENTIAL[1]

Cathy C. Bryant, Maryville, Tennessee, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The Office of Personnel Management (OPM) has filed a petition for review of an initial decision, which reversed OPM's reconsideration decision finding that the appellant received an overpayment of $33,375.05 in annuity benefits under the Federal Employees' Retirement System (FERS). For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant retired on a FERS disability retirement, effective October 7, 2009, from a Rural Carrier position with the U.S. Postal Service (USPS). Initial Appeal File (IAF), Tab 5 at 51, 62. From May 29, 1982, to January 12, 1991, the appellant worked continuously under indefinite, noncareer appointments as a Rural Carrier Relief or Rural Carrier Associate for the USPS. *Id*. at 57-58; Petition for Review (PFR) File, Tab 1 at 5. During that period of employment, she worked in positions subject only to the payment of Social Security taxes under the Federal Insurance Compensation Act, until she received an appointment as a regular rural carrier on January 12, 1991. IAF, Tab 5 at 59, 66-67. As of January 12, 1991, the appellant's service became covered under FERS and her pay was subject to FERS retirement deductions. *Id*. at 44. The appellant's service remained covered under FERS until OPM approved her disability retirement application and she retired on October 7, 2009, at the age of 60.[2] IAF, Tab 5 at 62, 68, Tab 8, Initial Decision (ID) at 2.

¶3    Prior to determining the appellant's regular annuity benefit based on the determination that her average salary was $56,195, OPM paid the appellant an estimated annuity benefit for the period of October 8, 2009, to January 30, 2013. IAF, Tab 5 at 35, 45, 68. OPM calculated the appellant's estimated interim annuity benefit under the FERS disability computational formula applicable to annuitants under 62 years of age who are not eligible for immediate retirement. *Id*. at 45, 68. OPM subsequently informed the appellant that it had overpaid her in the amount of $20,453.92 for this period. *Id*. at 35.

---

[2] The appellant elected a reduced annuity with a partial survivor annuity for her spouse. IAF, Tab 5 at 51.

¶4       The appellant requested reconsideration of this decision.  IAF, Tab 5 at 16-17.  OPM determined that the original annuity and overpayment amount was incorrect and that the appellant was entitled to an immediate voluntary retirement annuity under 5 U.S.C. § 8412 when she retired on October 7, 2009.  *Id*. at 26.  OPM based the change on corrections to the amount of service credited in her annuity, having determined that the appellant qualified for a voluntary annuity because she had more than 20 years of service when she retired at 60 years old.  *Id*.  OPM determined that because the appellant qualified for an immediate retirement annuity, her annuity benefits could not be calculated under disability retirement law.  *Id*.  OPM issued a corrected annuity computation on January 6, 2014, and determined that the appellant received a disability annuity overpayment of $48,416.98.  *Id*.

¶5       OPM also informed the appellant that she had the right to elect between a voluntary annuity and a disability retirement annuity, and that her election would affect the amount of her overpayment.  *Id*.  OPM advised the appellant that electing a voluntary retirement annuity would result in an overpayment of $33,381.05.[3]  *Id*. at 27.  On March 5, 2015, OPM determined that the appellant had elected a voluntary retirement annuity, and OPM proposed to collect the overpayment of $33,375.05[4] in 96 installments of $347.32 with a final installment of $32.33.  IAF, Tab 5 at 9-10.

¶6       On March 30, 2015, the appellant submitted a request for a waiver and for reconsideration of the existence or amount of overpayment, and she offered to

---

[3] OPM also explained that the appellant's election of the voluntary annuity would entitle her to receipt of the FERS annuity supplement in the amount of $15,572, a benefit to which she would not have been entitled if she elected the disability retirement annuity.  IAF, Tab 5 at 27.  Regardless of which annuity that the appellant elected to receive, OPM determined that the correct gross annuity payment was $1,004.  *Id*. at 26−27.

[4] OPM initially stated that if the appellant elected a voluntary retirement annuity the overpayment was $33,381.05; however, OPM's March 5, 2015 correspondence indicated that the overpayment was $33,375.05.

send OPM a compromise payment of $2,000. *Id*. at 10-29. The appellant also submitted a Financial Resources Questionnaire (FRQ) for consideration with her request. *Id*. at 18-20. OPM denied her reconsideration request finding that she was not at fault in creating the overpayment but she did not qualify for a waiver because she had not shown that recovery would be against equity and good conscience. *Id*. at 6-8. OPM also rejected the appellant's compromise offer of $2,000, having determined that she did not show that recovering the overpayment would cause her financial hardship based on the information in her FRQ. *Id.* at 7−8.

¶7    The appellant filed an appeal with the Board challenging OPM's reconsideration decision. IAF, Tab 1. In her appeal, the appellant asked OPM to explain the 3-year delay in notifying her of the overpayment and argued that she relied on OPM's computations. *Id*. at 4. In an initial decision, the administrative judge reversed OPM's reconsideration decision and remanded the case to OPM with instructions to recompute the appellant's disability annuity from October 8, 2009 forward, by eliminating the FERS service credit for any Federal service that the appellant performed prior to January 12, 1991. ID at 1, 13. The administrative judge found that the appellant accrued 18 years, 10 months, and 26 days of service, from January 12, 1991, through October 8, 2009, and that OPM erroneously credited the appellant's nondeduction service with the USPS from May 29, 1982, through December 31, 1988, to find her eligible for an immediate voluntary retirement as of her last day in pay on October 7, 2009. ID at 6, 9, 12. The administrative judge found no evidence that the appellant made the necessary deposit to obtain FERS credit for any of her nondeduction pre-1991 service, and that she was not eligible for a voluntary retirement annuity because she did not have 20 years of service credit. ID at 10-12. The administrative judge also found that the appellant, as a Postal employee, was not an "employee" for the purposes of FERS. ID at 9.

¶8          Having found that the appellant was not eligible for a voluntary retirement annuity under 5 U.S.C. § 8412(b) when she separated from service, the administrative judge found that OPM improperly determined that the appellant's disability retirement annuity had to be computed under 5 U.S.C. § 8415, rather than under the "60%/40%" provisions of 5 U.S.C. § 8452(a). ID at 13. The administrative judge found that OPM correctly based the appellant's interim annuity payments on the determination that she would be entitled to have her annuity computed under the "60%/40%" provisions of 5 U.S.C. § 8452(a), rather than under section 8415, and that OPM failed to establish the existence or the amount of the overpayment by a preponderance of the evidence. ID at 7, 13. The administrative judge found it unnecessary to determine if the appellant was entitled to a waiver of the overpayment or an adjustment of the repayment schedule. ID at 6.

¶9          OPM filed a petition for review asking the Board to vacate the initial decision and remand the case to the administrative judge to adjudicate whether the appellant is eligible for a waiver of the overpayment or for an adjustment of her recovery schedule. PFR File, Tab 1 at 4. OPM argues that the administrative judge erred by finding that the appellant did not meet the requirements for an immediate annuity under 5 U.S.C. § 8412(b). *Id.* OPM further argues that the administrative judge "erroneously concluded that the appellant was not entitled to make, and had not made, a service credit deposit for her noncontributory service with the U.S. Postal Service from May 29, 1982, through December 31, 1988." *Id.*

¶10          OPM states that it properly computed the appellant's FERS annuity based on all of her creditable service, including the periods that she worked "from May 29, 1982, through December 31, 1988, for which the appellant paid a service credit deposit in full." *Id.* at 12. OPM also explains that "[t]he computation, billing, payment acceptance and record keeping of civilian service credit deposits are maintained by OPM" and that OPM's regulations required the appellant to

make the deposit to OPM, not to the employing agency. *Id*. OPM requests "the opportunity to submit documentary evidence that the appellant paid a deposit for her noncontributory service from May 29, 1982, through January 11, 1991." *Id*. at 13.

¶11    To further develop the record on review, the Board issued an order to show cause, which afforded OPM and the appellant an opportunity to submit proof that she made the deposit necessary to render any of her noncontributory service creditable under FERS. PFR File, Tab 3. The parties responded by submitting proof that the appellant made the deposit required under 5 U.S.C. § 8415(b)(3) and (f)(2) for her noncontributory service from May 29, 1982, through December 31, 1988. PFR File, Tabs 4-5. Specifically, the appellant provided: a "RTR Retirement Plan Correction Report" identifying her career and noncareer appointments; a document from OPM stating that she was required to pay a deposit of $2,371.98 to obtain credit under FERS for her service from May 29, 1982, through December 31, 1988; and a May 23, 2008 letter from OPM acknowledging her request to make the deposit. PFR File, Tab 5 at 3-9. OPM provided a copy of the appellant's application to make the service credit deposit and records from OPM's service credit and deposit account system showing that she paid the full deposit amount of $2,371.98, which was required for OPM to credit her noncontributory service in computing her FERS annuity benefit. PFR File, Tab 4 at 4-5, 7, 9-18.

¶12    Having reviewed the parties' submissions, we find sufficient proof that the appellant made the deposit required to obtain credit under FERS for her noncontributory service from May 29, 1982, through December 31, 1988. *Id.*; IAF, Tab 5 at 30-33. We disagree with the administrative judge's finding that the appellant, as a Postal employee, was not an "employee" under FERS entitled to credit for her nondeduction pre-1989 service. ID at 9. We are persuaded by OPM's argument that, pursuant to 39 U.S.C. § 1005(d)(1), Postal employees are considered "employees" for purposes of FERS, and that the appellant was entitled

to make a service credit deposit for her nondeduction service performed prior to January 1, 1989. PFR File, Tab 1 at 8, 17-18.

¶13 We further find that OPM properly determined that the appellant was eligible for an immediate voluntary retirement annuity because she was 60 years old and had more than 20 years of service credit when she separated from service on October 7, 2009. *See* 5 U.S.C. § 8412(b); IAF, Tab 5 at 30. Because OPM correctly determined that the appellant was entitled to an immediate retirement annuity under 5 U.S.C. § 8412(b), we find that OPM properly recomputed the appellant's disability annuity under 5 U.S.C. § 8415, rather than under the "60%/40%" provisions of 5 U.S.C. § 8452(a) applicable to most disability retirements. IAF, Tab 5 at 26; *see* 5 U.S.C. § 8452(c)(2). We find that OPM did not err in allowing the appellant to elect between a disability retirement annuity and an immediate retirement annuity. IAF, Tab 5 at 26-32; *see Hosford v. Office of Personnel Management*, 107 M.S.P.R. 418, ¶¶ 14-15 (2007). We further find that OPM's methodology for calculating the appellant's retirement annuity under FERS was reasonable, and that OPM proved that the appellant received an overpayment of $33,375.05 based on her election of an immediate retirement annuity.[5]

**ORDER**

¶14 We therefore vacate the initial decision and remand this case to the Atlanta Regional Office to determine whether the appellant is entitled to a waiver of the $33,375.05 overpayment or an adjustment of the recovery schedule.[6] On remand,

---

[5] Because the appellant was entitled to a FERS immediate voluntary retirement annuity under 5 U.S.C. § 8412(b) when she separated from service after her disability retirement application was approved, her FERS annuity would have been computed under the same formula regardless of whether she elected a disability retirement annuity. *See* 5 U.S.C. §§ 8415(a), 8452(c)(2); *Hosford*, 107 M.S.P.R. 418, ¶ 12.

[6] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from his or her estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other

the administrative judge should allow the appellant to submit an updated FRQ because her financial circumstances may have changed since she submitted her last FRQ in March 2015.  IAF, Tab 5 at 10-20.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

person acting as the representative of the appellant's estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate.